**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERIC MOORE, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | No. 19-4400 |
| *Defendants* | : | |

**M E M O R A N D U M**

PRATTER, J.                                                                                    APRIL 7, 2020

Eric Moore alleges that two Philadelphia police officers violated his constitutional rights when they stopped his vehicle, grabbed and threw him to the ground, arrested him, and searched his belongings. In addition to bringing this suit against the officers, Mr. Moore also attempts to assert municipal liability under 42 U.S.C. § 1983 against the City of Philadelphia. However, Mr. Moore's municipal liability theory rests solely on his conclusory allegations that fail to sufficiently plead that the City knowingly acquiesced to the allegedly unlawful conduct at issue. As set forth in this Memorandum, Mr. Moore must allege more to adequately plead the City's municipal liability. The Court permits Mr. Moore another opportunity to amend his allegations.

**BACKGROUND**

Mr. Moore alleges that he was lawfully operating his motor vehicle when Officers Monaghan and Hall[1] stopped his vehicle without cause or justification. Mr. Moore communicated to the officers that he had not committed any traffic infractions or otherwise violated the law. According to Mr. Moore, he and Officer Monaghan then engaged in a verbal argument. Afterwards, Officer Monaghan allegedly "unexpectedly and wantonly struck and/or attempt[ed] to strike [Mr. Moore and] grabbed and forcibly threw [Mr. Moore] to the ground[.]" Am. Compl.

---

[1]       Mr. Moore does not plead the officers' first names in his amended complaint.

1

at ¶ 18 (Doc. No. 5). Mr. Moore alleges that the officers then detained, arrested, verbally abused, threatened, falsely imprisoned, and unlawfully searched and seized him and/or his belongings.[2] Afterwards, he was charged with the knowing or intentional possession of a controlled substance under 35 Pa. Stat. § 780-113(a)(16); the manufacture, delivery, or possession of a controlled substance with intent to manufacture or deliver under Pa. Stat. § 780-113(a)(30); and the delivery of, possession with intent to deliver, or manufacture of drug paraphernalia under 35 Pa. Stat. § 780-113(a)(33). The Commonwealth later dismissed the charges brought against Mr. Moore.

Mr. Moore alleges that he sustained various physical injuries as a result of this altercation, including radiculopathy affecting his upper extremities; acute pain on his right shoulder; pain in his right knee, ankle, and ribs; neck pain; and radicular pain in his left arm. He also pleads that as a result of this incident, he now suffers from loss of enjoyment of life, emotional distress, post-traumatic stress, depression, mental anguish, embarrassment, and pain and suffering.

Mr. Moore asserts 6 counts against all three Defendants. In his first count, Mr. Moore invokes § 1983 to allege that Defendants' conduct violated his constitutional rights under the First, Fourth, and Fourteenth amendments to be secure in his person and property; due process; equal protection of the law; and to be free from unreasonable and excessive force, unlawful searches and

---

[2]  It is unclear from the amended complaint whether (1) Mr. Moore's person or vehicle was searched and (2) if any items were seized.

seizures, unlawful detention, unlawful imprisonment, verbal abuse,[3] and malicious prosecution.[4] The remaining 5 counts assert: (1) assault and battery claims; (2) false arrest, false imprisonment, and abuse of process claims; (3) intentional infliction of emotional distress claims; (4) negligent infliction of emotional distress claims; and (5) civil conspiracy claims.

Concerning the City, Mr. Moore asserts that it is responsible for the acts and omissions of its officers under the doctrine of *respondeat superior*. Mr. Moore also alleges that the City "encouraged, tolerated, ratified, and has been deliberately indifferent to the following patterns, practices and customs and to the need of more or different training, supervision, investigation or discipline in the areas of:

> a. The use of unreasonable force, excessive force and unlawful arrest by police officers;
>
> b. The unlawful arrest, detention and malicious prosecution by police officers;
>
> c. The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force, unlawful arrest, unlawful detention, malicious prosecutions and violations of citizens' free speech rights, particularly in connection with perceived challenges to policy authority;

---

[3]   Some courts have opined that "verbal abuse does not give rise to a constitutional violation under 42 U.S.C. § 1983." *Wyatt v. Fletcher*, 718 F.3d 496, 504 (5th Cir. 2013); *see also G.C. v. Sch. Bd. of Seminole Cty.*, 639 F. Supp. 2d 1295, 1304 (M.D. Fla. 2009) ("[T]he use of foul or belittling language does not amount to a violation of a plaintiff's constitutional rights."). Courts in this Circuit have assessed "[n]on-physical types of harassment, including verbal abuse" under the "'shocks the conscience' analysis.'" *Bridges v. Scranton Sch. Dist.*, 66 F. Supp. 3d 570, 585 (M.D. Pa. 2014) (quoting *S.M. v. Lakeland Sch. Dist.*, 148 F. Supp. 2d 542, 547 (M.D. Pa. 2001). Although "courts that have considered instances of psychological or verbal abuse by government actors have typically held that such conduct alone was not severe enough to qualify as a constitutional tort actionable under § 1983[,]" *Id.* (citations omitted), the Court refrains from determining at the motion to dismiss stage that verbal abuse is not a potential ground for an alleged constitutional violation.

[4]   None of the enumerated constitutional rights invoke the First Amendment. However, Mr. Moore's additional allegations reproduced below suggest that Mr. Moore is possibly alleging that Defendants also violated his right to free speech. *See* Am. Compl. at ¶ 34(c) (Doc. No. 5).

d.  The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

e.  The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

f.  The failure of police officers to prevent, deter, report or take action against the unlawful conduct of other officers under such circumstances as presented herein;

g.  Police officers' use of their status as police officers to employ the use of excessive force, unlawful detention and unlawful arrest, or to achieve ends not reasonably related to their police duties; and

h.  The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force and arrest powers under such circumstances as presented herein.

Am. Compl. at ¶ 34 (Doc. No. 5); *see also* Compl. at ¶ 31 (Doc. No. 1). Mr. Moore further asserts that the City failed to properly sanction or discipline its officers who are aware of, conceal, and/or aid and abet other police officers that allegedly violate citizens' constitutional rights. Finally, Mr. Moore contends that the City, "in accordance with its policies, customs, and procedures, acting in concert with [Officers Hall and Monaghan], did knowingly, intelligently, negligently, maliciously and/or recklessly falsely arrest, detain, seize and imprison [Mr. Moore] in the absence of probable cause and/or other lawful basis." Am. Compl. at ¶ 37 (Doc. No. 5).

The City moved to dismiss the claims brought against it on the basis that Mr. Moore failed to adequately plead § 1983 municipal liability as set forth in *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658 (1978). In response, Mr. Moore amended his pleadings by adding only a handful of boilerplate allegations. The City then filed a motion to dismiss Mr. Moore's amended

complaint for the same reasons set forth in its initial motion to dismiss.[5]  Because Officers

Monaghan and Hall submitted answers in response to Mr. Moore's amended complaint, Mr.

Moore's claims against the officers are not at issue in this Memorandum.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint.  Rule 8 of the

Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing

that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  However, "to 'give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests,'" the plaintiff must provide

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration

in original).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Specifically, "[f]actual allegations must be enough

to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The question is

not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to

cross the federal court's threshold."  *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and

quotations omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized

parameters.  For one, the Court "must consider only those facts alleged in the complaint and accept

---

[5]      Mr. Moore responded to the City's second motion to dismiss by submitting a second amended
complaint.  After Mr. Moore amended his complaint once as a matter of course, FED. R. CIV. P. 12(a)(1),
he could only properly amend his complaint with Defendants' written consent or the Court's leave.  Because
Mr. Moore obtained neither before filing his second amended complaint, the Court struck the second
amended complaint and ordered Mr. Moore to respond to the City's second motion to dismiss.

all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *see also Twombly*, 550 U.S. at 555 (stating that courts must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)"). Also, the Court must accept as true all reasonable inferences emanating from the allegations and view those facts and inferences in the light most favorable to the nonmoving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth. of N. Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010).

That admonition does not demand that the Court ignore or discount reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citations and internal quotation marks omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions") (citations omitted). If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

## DISCUSSION

A municipality may not be held liable under § 1983 for constitutional torts under a vicarious liability theory based on *respondeat superior*. *Mulholland v. Gov't Cty. of Berks, Pa.*, 706 F.3d 227, 237 (3d Cir. 2013) (citing *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)). Instead, "[w]here a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and

causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997). The Third Circuit Court of Appeals' "jurisprudence is clear that '[w]hen a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom.'" *McTernan v. City of York, Pa.*, 564 F.3d 636, 657 (3d Cir. 2009) (quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)).

Based on the Supreme Court's reasoning in *Monell*, there exists a "two-path track" to municipal liability, which depends on whether the § 1983 claim is based on a municipal policy or custom. *Id.* (citing *Beck*, 89 F.3d at 971). A "policy is made when a decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action issues an official proclamation, policy, or edict." *Id.* at 658 (quoting *Andrews*, 895 F.2d at 1480) (quotation marks omitted) (alteration in original). A plaintiff may establish a custom "by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (citing *Andrews*, 895 F.2d at 1480). "Custom requires proof of knowledge and acquiescence by the decisionmaker." *McTernan*, 564 F.3d at 658 (citing *Watson v. Abington Twp.*, 478 F.3d 144, 154 (3d Cir. 2007); *Beck*, 89 F.3d at 971).

An official qualifies as a decisionmaker if he or she "has final, unreviewable discretion to make a decision or take an action." *Andrews*, 895 F.2d at 1481. Whether a specific individual is considered a final decisionmaker is a question of state law rather than a question of fact. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988).

Where the policy or custom "'concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to deliberate indifference to the rights of persons with whom those employees will come into contact.'" *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)). Moreover, "'the identified deficiency in a city's training program must be closely related to the ultimate injury;'" or put simply, "'the deficiency in training [must have] actually caused" the alleged constitutional violation.'" *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 391 (1989)).

Here, the City argues that Mr. Moore failed to plead an underlying constitutional violation, exclusively relied on only conclusory allegations, and did not identify a specific municipal decisionmaker. As a preliminary matter, the Court rejects Mr. Moore's attempt to allege the City's vicarious liability based on the doctrine of *respondeat superior*. *Andrews*, 895 F.2d at 1480 ("A government entity may not be held liable under section 1983 under the *respondeat superior* doctrine."). Moreover, the Court rejects the City's argument that Mr. Moore did not plead any underlying constitutional violations. Instead, the Court focuses on whether Mr. Moore's conclusory allegations fail to adequately plead municipal liability.

Here, the amended complaint does not allege that the City issued an official proclamation, policy, or edict.[6] Therefore, to plead an actionable custom, the amended complaint must adequately plead that the conduct at issue, although not explicitly authorized by law, "is so well-settled and permanent as virtually to constitute law." *Bielevicz*, 915 F.2d at 850 (citing *Andrews*, 895 F.2d at 1480). The amended complaint fails to do so here.

---

[6]     Mr. Moore pleads that the City "ratified" the various "areas" of conduct at issue. Am. Compl. at ¶ 34 (Doc. No. 5). However, he does not plead any facts supporting an inference that the City officially adopted any formal policy which permitted the officers' alleged unlawful conduct.

"[S]imply paraphras[ing] § 1983' does not meet Rule 8's pleading requirements.'" *Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014) (citations omitted); *see also Butler v. City of Phila.*, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013) (finding that claims "amount[ing] to a mere recitation of the required elements required to bring forth a *Monell* claim [were] insufficient to survive a motion to dismiss"). In his amended complaint, Mr. Moore generally alleges that the City "knowingly, intelligently, negligently, maliciously and/or recklessly" violated Mr. Moore's constitutional rights by "encourag[ing], tolerat[ing], ratif[ying] and [being] deliberately indifferent to" the conduct at issue. Am. Compl. at ¶¶ 34, 37 (Doc. No. 5). As noted, to adequately plead municipal liability under *Monell*, a plaintiff must "'plead knowledge [of the alleged violations] by a municipal decisionmaker.'" *McTernan*, 564 F.3d at 658. However, Mr. Moore fails to set forth *any* particularized facts plausibly setting forth how the officers' conduct resulted from the City's knowing acquiescence of an allegedly unlawful custom. Such conclusory allegations, on their own, fail to adequately plead "a link between the challenged [conduct] and a municipal decisionmaker[.]" *McTernan*, 564 F.3d at 659. Merely alleging that the City knew or should have known about the alleged unlawful conduct at issue is insufficient to meet the "rigorous standards of culpability and causation" necessary to allege municipal liability. *Id.* at 658 (citation omitted); *see e.g.*, *Thomas v. City of Phila.*, 779 F. App'x 99, 102 (3d Cir. 2019) (holding that allegations that the "City of Philadelphia knows or should know of the constitutional violations" failed to adequately plead a municipal decisionmaker's knowledge).

In response to the City's argument that the amended complaint fails to identify a specific decisionmaker, Mr. Moore cites *Johnson v. City of Shelby*, 574 U.S. 10 (2014) and *Groden v. City of Dallas*, 826 F.3d 280 (5th Cir. 2016). In *Johnson*, the Supreme Court reversed the Fifth Circuit Court of Appeals' holding that a § 1983 claim should be dismissed because that plaintiff's

complaint failed to actually mention § 1983. 574 U.S. at 12. The Supreme Court held that a court should not grant a motion to dismiss "for [an] imperfect statement of the legal theory supporting the claim asserted" when the complaint contains sufficient "factual allegations[.]" *Id.* at 11. In *Groden*, the Fifth Circuit Court of Appeals held that, under *Johnson*, it is unnecessary for a complaint alleging municipal liability "to supply an answer to the *legal* question of the specific identity of the city's policymaker under the relevant statutory scheme" as long as the plaintiff pleads facts that sufficiently connect the policymaker to the allegedly unconstitutional policy. 826 F.3d at 285 (emphasis in original).

Unlike the Fifth Circuit Court of Appeals, the Third Circuit Court of Appeals has yet to hold that *Johnson* renders allegations setting forth a decisionmaker's identity unnecessary. *Cf. Wood*, 568 F. App'x at 105 (affirming dismissal of complaint alleging municipal liability in part for failing to identify the policymaker or decisionmaker). Regardless, this Circuit has long acknowledged that although the identity of a decisionmaker is ultimately a legal question, "that does not relieve [a plaintiff] of the obligation to plead in some fashion that [the alleged decisionmaker] had final policy making authority, as that is a key element of a *Monell* claim." *Santiago v. Warminster Twp.*, 629 F.3d 121, 135 n.11 (3d Cir. 2010).[7] The Court is not convinced that Mr. Moore has alleged any particularized facts allowing the Court to infer that the City held final decision-making authority. Regardless, even if the Court were to assume that Mr. Moore adequately alleged the City's final policy-making authority, the dispositive point is that Mr. Moore failed to plead sufficient, particularized facts showing any link between the alleged constitutional violations and the City's supposed acquiescence of the officers' activities.

---

[7]     Indeed, this Circuit's precedent is entirely consistent with *Johnson*'s and *Groden*'s focus on the sufficiency of a complaint's *factual allegations*.

To the extent Mr. Moore's amended complaint can be inferred to allege municipal liability under a failure-to-train or failure-to-supervise theory, such allegations similarly fail. Mr. Moore alleges only that the City was deliberately indifferent "to the need for more or different training, supervision, investigation or discipline" concerning the alleged conduct, Am. Compl. at ¶ 34 (Doc. No. 5), and "failed to properly sanction or discipline officers" for allegedly violating the constitutional rights of citizens, *id.* at ¶ 35. Merely stating that the City was deliberately indifferent does not adequately plead the City's deliberate indifference. The amended complaint fails to specifically demonstrate in any way how the City's training or supervision was inadequate. Such "blanket assertion[s]" fail to "raise a right to relief above the speculative level" as is necessary under Rule 8(a)(2). *Phillips*, 515 F.3d at 232, 234.

## CONCLUSION

Because Mr. Moore failed to adequately plead the City's municipal liability under § 1983, the Court grants the City's motion to dismiss. Because the Court does not find amendment to be inequitable or futile, the Court permits Mr. Moore another opportunity to amend his pleadings. *See id.* at 236. An appropriate order follows.

BY THE COURT:

GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE