**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERIC MOORE,** | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 19-4400** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

     **AND NOW**, this _____ day of _____, 202__, upon consideration of Defendants' Motion for Summary Judgment it is hereby **ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED.**

                                      **SO ORDERED:**

_____
Gene E.K. Pratter, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC MOORE, | : | |
| Plaintiffs, | : | |
| | : | |
| | : | **Civil Action** |
| v. | : | **No. 19-4400** |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

 Defendants, Police Officers Shawn Monaghan ("Officer Monaghan") and Vincent Hall (individually as "Officer Hall" and collectively with Officer Monaghan as "Defendants"), by and through the undersigned counsel, hereby file this this Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. In support of this Motion, Defendants incorporate the attached Memorandum of Law. Defendants respectfully request that this Court enter judgment in favor of Officer Hall, and against Plaintiff, on all counts and enter judgement in favor of Officer Monaghan on all but the excessive force and assault and battery counts.

Respectfully submitted,

Date: <u>November 16, 2020</u>

*/s/ Katie Cooper Davis*
Katie Cooper Davis, Esquire
Assistant City Solicitor
Pa. Attorney ID No. 320665
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5445
katie.davis@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERIC MOORE, | : | |
| **Plaintiffs,** | : | |
| | : | |
| | : | **Civil Action** |
| v. | : | **No. 19-4400** |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| **Defendants.** | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, Police Officers Shawn Monaghan ("Officer Monaghan") and Vincent Hall (individually as "Officer Hall" and collectively with Officer Monaghan as "Defendants"), hereby move for summary judgment on all claims asserted by Plaintiff Eric Moore against Officer Hall and all but two claims against Officer Monaghan pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Honorable Court's Policies and Procedures.

## I. INTRODUCTION

Plaintiff Eric Moore asserts twelve counts against Defendants for constitutional violations pursuant to 42 U.S.C. § 1983 and Pennsylvania tort law. *See generally* Third Am. Cmplt. Plaintiff's claims arise out of a car stop that occurred on September 25, 2017 at approximately 11:52 PM in Philadelphia, Pennsylvania during which Defendants recovered bulk marijuana and paraphernalia from inside the trunk of Plaintiff's car, resulting in Plaintiff's arrest.

Although Plaintiff contends his rights were violated in a host of ways, Plaintiff has failed to create a triable issue as to most of the claims he asserts. Plaintiff's claims against Officer Hall fail as a matter of law because there is no evidence even plausibly suggesting that Officer Hall had any personal involvement in the alleged constitutional violations or any of the

alleged state law torts. Indeed, Plaintiff concedes Officer Hall did nothing to hurt him. Furthermore, Officers Hall and Monaghan are immune from liability because their actions were privileged under qualified immunity and did not constitute willful misconduct. For these reasons, the Court should enter summary judgment in favor of Officer Hall and against Plaintiff on all federal and state claims. Likewise, the Court should enter summary judgment in favor of Officer Monaghan on all but two of Plaintiff's claims.[1]

## II.    STATEMENT OF FACTS

Defendants incorporate their Statement of Undisputed Material Facts ("SUMF"), filed separately, in support of their Motion for Summary Judgment, as if fully set forth herein.

## III.    STANDARD OF REVIEW

The Court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A factual dispute is "material" only if it might affect the outcome of the suit under governing law. *See id* at 248. All inferences must be drawn, and all doubts resolved in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985). Still, "[a]n inference based on speculation or conjecture does not create

---

[1] While Defendants deny using *any* force on Plaintiff, Defendants recognize there are material facts in dispute regarding Plaintiff's claims against Officer Monaghan for § 1983 excessive force and state law assault and battery. Therefore, Defendants do not move for summary judgment as to these two claims against Officer Monaghan.

a material factual dispute sufficient to defeat entry of summary judgment." *Modaffare v. Owens-Brockway Glass Container, Inc.*, 643 F. Supp. 2d 697, 700 (E.D. Pa. 2009) (internal quotations omitted).

On motion for summary judgment, the moving party bears the initial burden of identifying these portions of the record that it believes demonstrate the absence of material fact disputes. *See Celotex*, 477 U.S. at 323. To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the moving party, and may not rest on mere denials. *See id.* at 321, n.3; *First Natl. Bank of Pa. v. Lincoln Natl. Life Ins. Co.*, 824 F.2d 277, 282 (3d Cir. 1987).

In a case where the non-moving party is the plaintiff and therefore bears the burden of proof, the non-moving party must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case." *Celotex*, 477 U.S. at 322. The non-moving party must adduce more than a mere scintilla of evidence in its favor to defeat the moving party's summary judgment motion. *See Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460 (3d Cir. 1989).

Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is entitled to summary judgment where no reasonable resolution of conflicting evidence and inferences therefrom could result in a judgment for the non-moving party." *Schwartz v. Hospital of Univ. of Pa.*, 1993 WL 153810 at *2 (E.D. Pa. May 7, 1993). Furthermore, the "[p]laintiff cannot simply reassert factually unsupported allegations in its pleadings." *Poles v. St. Joseph's Univ.*, 1995 WL 542246 at *5 (E.D. Pa. Sept. 11, 1995) (citing *Celotex*, 477 U.S. at 325). "Plaintiff must present affirmative evidence in order to defeat this properly supported motion for judgment." *Id.*

## IV.  ARGUMENT

### A.  Plaintiff's Federal Claims

1. <u>Plaintiff's Fourteenth Amendment Claims for Unlawful Search, Seizure, and Excessive Use of Force Should be Dismissed.</u>

Plaintiff generically claims civil rights violations in Count I under the Fourth and Fourteenth Amendments. As a threshold matter, claims based upon an unreasonable seizure fall solely within the confines of the Fourth Amendment and cannot be presented under the Fourteenth Amendment. *Verdier v. Borough*, 796 F. Supp.2d 606, 619 (E.D. Pa. 2011) (Fourth Amendment—not Fourteenth Amendment—governs claims for search, seizure, and excessive use of force); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) (all claims for use of excessive force in conjunction with an arrest, investigatory stop, or other seizure by a police officer are analyzed under the Fourth Amendment). This is because "the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive government conduct...." *Graham*, 490 U.S. at 395.

Thus, plaintiff's Fourteenth Amendment claims as to unlawful search, seizure, and excessive force should be dismissed as a matter of law.

2. <u>Plaintiff's § 1983 Claim for Unreasonable and Excessive Force Against Officer Hall Fails Because Officer Hall was not Personally Involved in the Alleged Assault.</u>

Officer Hall is entitled to summary judgment as to Plaintiff's § 1983 claim for unreasonable and excessive force because Plaintiff has not alleged any facts to suggest that Officer Hall came near him, much less that he was involved in the alleged assault.

The Third Circuit has clearly stated, "a defendant in a civil rights case cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000). It is thus axiomatic that state actors

cannot be held vicariously liable under Section 1983 for the actions of other state actors. *See Parratt v. Taylor*, 451 U.S. 527, 537 n.1 (1981). Any liability of an individual officer must "be based on his own acts or omissions, not those of [other] individual officers." *Agresta v. City of Philadelphia*, 801 F. Supp. 1464, 1468 (E.D. Pa 1992); *see also Reaves v. Vaugh*, 2001 WL 936392 at * 4 (E.D. Pa., Aug. 10, 2001) (vicarious liability does not apply to §1983 claims); *Eppers v. Dragovich*, 1996 WL 420830 at * 4 (E.D. Pa., July 24, 1996) (defendant in civil rights claim must have "personal involvement" in alleged wrongs).

A claim that a police officer used excessive force during a seizure is "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Johnson v. City of Philadelphia*, 837 F.3d 343, 349 (3d Cir. 2016) (quoting *Graham v. Connor*, 490 U.S. 386, 490 (1989)). The only question is whether the officer's use of force was objectively reasonable under the circumstances. *Id*. At the summary judgment stage, once the Court has identified the relevant facts and drawn all inferences in the non-movant's favor, the reasonableness of an officer's actions "is a pure question of law." *Id.* (quoting *Scott v. Harris*, 550 U.S. 372, 382 n. 8 (2007)).

Here, there is no record evidence that Officer Hall was personally involved in the alleged assault on Plaintiff. *See* SUMF, at ¶¶ 18, 21, 23, 26, 32, 35. On the contrary, Plaintiff alleges Officer Hall stood by the side of the patrol car, never came near him, and did not hurt him at all. *See id.,* at ¶¶ 21, 23, 35. Officer Hall also denies using any force on Plaintiff. *See id.,* at ¶ 18. Because Plaintiff's § 1983 claim for unreasonable and excessive force against Officer Hall fails as a matter of law, Officer Hall is entitled to summary judgment.

3. <u>Plaintiff's § 1983 claim against Defendants for unlawful search and seizure fail because they had probable cause to search Plaintiff and his car.</u>

Plaintiff generically claims that Defendants violated his Fourth Amendment Rights with an unlawful search. *See* Third Am. Cmplt. at ¶¶ 10, 17, 28, 31, 84.

The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.; *Miller v. Hassinger,* 173 F. App'x 948, 952 (3d Cir.2006). Probable cause to conduct a search exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. U.S.,* 116 S.Ct. 1657, 1661 (1996). The Supreme Court has clarified that "[p]robable cause is not a high bar" for an officer to meet. *D.C. v. Wesby,* 138 S. Ct. 577, 586 (2018) (internal quotation omitted). The inquiry as to the existence of probable cause is based on the totality of the circumstances. *Dempsey v. Bucknell U.*, 834 F.3d 457, 467 (3d Cir. 2016). While the existence of probable cause is generally a jury question, "summary judgment may be granted on the question of probable cause if a court concludes that 'the evidence, viewed most favorably to [the nonmoving party], reasonably would not support a contrary factual finding.'" *Id.* at 468 (quoting *Groman v. Twp. of Manalapan*, 47 F.3d 628, 635 (3d Cir. 1995)).

Moreover, "a warrantless search of a car is valid if based on probable cause." *Id.* at 693, 116 S.Ct. 1657 (citing *California v. Acevedo,* 111 S.Ct. 1982, (1991)); *see also Com. v. Gary*, 91 A.3d 102, 138 (Pa. 2014) (In recognizing the federal vehicle exception, Pennsylvania "law governing warrantless searches of motor vehicles is coextensive with federal law under the Fourth Amendment," meaning the "prerequisite for a warrantless search of a motor vehicle is probable cause to search; no exigency beyond the inherent mobility of a motor vehicle is required."). The automobile exception to the warrant requirement "permits law enforcement to seize and search an automobile without a warrant if probable cause exists to believe it contains contraband." *U.S. v. Burton,* 288 F.3d 91, 100 (3d Cir. 2002). Probable cause exists when, viewing the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in

a particular place." *Gresh v. Godshall*, 170 F. App'x 217, 220–21 (3d Cir. 2006) (holding warrantless search of plaintiff's car was justified under the automobile exception to the warrant requirement) (internal citations omitted).

While Plaintiff alleges in his complaint that Defendants together conducted an unlawful search, Plaintiff has no knowledge as to whether Defendants searched his car. *See* SUMF at ¶ 36. Defendants stated they searched Plaintiff's car to locate the contraband they believed was inside Plaintiff's car based on the strong odor of unburnt marijuana emanating from his car. *See id.*, at ¶¶ 13, 37. Defendants' explanation for why, when, and how they searched Plaintiff's car is completely undisputed because Plaintiff has no memory after getting into the police car and no has no knowledge of the search. *See id.*, at ¶¶ 34, 36, 40. Therefore, the evidence only supports Defendants had probable cause to search Plaintiff's car based on his behavior and the strong odor of unburnt marijuana. *See id.*, at ¶¶ 36 – 41; *see also Com. v. Barr*, 2020 PA Super 236 (Sept. 25, 2020) ("the odor of marijuana ***may*** alone be sufficient to establish probable cause to search in particular factual contexts"); *see e.g. Com. v. Stoner*, 344 A.2d 633 (Pa. 1975) (sufficient probable cause existed and warrantless search of trunk of the car was not illegal where officer noted a very strong odor of marijuana coming from inside the car, among other things, believing that the automobile he had stopped contained contraband).

Because Defendants had probable cause to search Plaintiff's car, Plaintiff's § 1983 claim for unlawful search and seizure against Defendants fail as a matter of law, Defendants are entitled to summary judgment.

4. <u>Plaintiff's § 1983 claim against Defendants for unlawful arrest, detention, and imprisonment fails because probable cause supported Plaintiff's arrest.</u>

The Court should grant Defendants' motion for summary judgment because probable caused existed to arrest Plaintiff for possession with intent to deliver, possession of drug paraphernalia, and possession of a controlled substance.

The Fourth Amendment protects individuals against unreasonable searches and seizures and includes a right to be free from false arrest or imprisonment.[2] U.S. Const. Amend. IV. An arrest or "custodial detention" must be supported by probable cause. *See Dunaway v. New York*, 442 U.S. 200, 216 (1979). Probable cause "exists if there is a 'fair probability' that the person committed the crime at issue." *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997)). Probable cause means the person making the arrest believed, at the time of the arrest, as a reasonable person under the same circumstances would also have believed, that he had sufficient information as to both the facts and the applicable law, to reasonably believe that a crime had been (or was being) committed and that the person arrested was guilty of committing the crime. *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000). Furthermore, "[a] warrantless arrest is reasonable if the officer has probable cause to believe that the suspect committed a crime in the officer's presence." *Id.* (quoting *Atwater v. Lago Vista,* 532 U.S. 318, 354 (2001)).

Here, Defendants undisputedly recovered bulk marijuana, a digital scale, and narcotics packaging material from inside the trunk of the car Plaintiff was driving. *See* SUMF, at ¶¶ 36 – 41. Based on the totality of the circumstances, Defendants reasonably believed Plaintiff constructively possessed the narcotics and paraphernalia they found in his trunk. *See U.S. v.*

---

[2]     False arrest and false imprisonment claims are nearly identical claims, which are generally analyzed together. The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention, where such detention is unlawful if it is the consequence of a false arrest. *Karkut v. Target Corp.*, 453 F. Supp. 2d 874 (E.D. Pa. 2006).

*Cunningham*, 517 F.3d 175, 178 (3d Cir. 2008) ("Constructive possession exists if an individual knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons.") (internal citations omitted). Thus, Plaintiff's conduct amounted to several crimes, including possession with intent to deliver a controlled substance,[3] possession of drug paraphernalia,[4] and possession of a small amount of marijuana.[5] Indeed, Plaintiff was held for court and charged under the bills of information for possession with intent to deliver,[6] possession with intent to deliver drug paraphernalia,[7] and knowing and intentional possession of a controlled substance.[8] *See* SUMF, at ¶¶ 46 – 47. Therefore, Defendants clearly had probable cause to arrest Plaintiff. Accordingly, Defendants are entitled to summary judgment as to Plaintiff's § 1983 unlawful arrest, detention, and imprisonment claim.

5. <u>Plaintiff's § 1983 malicious claim against Defendants fails because Defendants did not initiate the criminal proceedings against Plaintiff, probable cause existed for his prosecution, and Defendants did not act maliciously.</u>

Plaintiff's claim fails because he has offered no evidence that any Defendant "initiated criminal proceedings," that the proceedings against Plaintiff were initiated without probable cause, or that either Officer Monaghan or Officer Hall acted with malice or for a purpose other than bringing Plaintiff to justice.

---

[3] 35 P.S. § 780-113 §§ A30.

[4] 35 P.S. § 780-113 §§ A32.

[5] 35 P.S. § 780-113 §§ A31.

[6] 35 P.S. § 780-113 §§ A30.

[7] 35 P.S. § 780-113 §§ A33.

[8] 35 P.S. § 780-113 §§ A16.

In order to establish a malicious prosecution claim, a plaintiff must prove the following elements: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *See Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). "If [p]laintiffs have not proffered evidence sufficient to create a triable issue of fact as to all five prongs, their malicious prosecution claim must fail as a matter of law." *Domenech v. City of Philadelphia*, No. 06-1325, 2009 WL 1109316, at *9 (E.D. Pa. Apr. 23, 2009). *see also Corrigan v. Central Tax Bureau of Pa., Inc.*, 828 A.2d 502, 505 (Pa. Com. 2003).

First, Defendants did not initiate the criminal proceedings against Plaintiff. *See* SUMF, at ¶ 46. Generally, a plaintiff cannot institute "malicious prosecution" proceedings against a police officer because "a prosecutor, not a police officer, 'initiates' criminal proceedings against an individual." *Stango v. Rodden*, 2001 WL 1175131, at *4 (E.D. Pa. Aug. 21, 2001) (quoting *Harris v. City of Philadelphia*, 1998 U.S. Dist. LEXIS 12640, at *13 (E.D. Pa. Aug. 14, 1998), and citing *Albright v. Oliver*, 510 U.S. 266, 279 n. 5 (Ginsburg, J. concurring) (1994)); *see also Domenech*, 2009 WL 1109316, at *8 (citing numerous cases standing for the same proposition).[9] An officer may be found to have initiated criminal proceedings only where the police officer knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed

---

[9] Certain decisions applying Pennsylvania law hold that a defendant can be said to have initiated criminal proceedings even if they don't actually initiate the proceedings but rather influence a third party to initiate such proceedings. *See, e.g., Bristow v. Clevenger*, 80 F. Supp. 2d 421, 432 (M.D. Pa. 2000) ("Liability for malicious prosecution can also attach when defendant influences a third party to initiate the proceedings.") (citations and quotations omitted). However, the application of that rule does not change the analysis in this case. There is no evidence whatsoever that any Defendant initiated proceedings themself *or* influenced a prosecutor to do so.

discretion. *Id.* That is to say, the plaintiff must identify "evidence in the record to suggest that [the defendants] misrepresented or concealed any *material* information in presenting the case to the prosecutors." *Id.* (emphasis added).

The criminal complaint against Plaintiff was sworn to by the District Attorney's Office—not Officer Monaghan or Officer Hall. *See* SUMF, at ¶ 46. Plaintiff has failed to adduce evidence that Defendants were involved beyond Plaintiff's arrest and transportation to the 35ᵗʰ District for processing. *See id.*, at ¶ 43. Moreover, Plaintiff has failed to point to any evidence that these criminal proceedings were initiated as a result of any false information provided by any Defendant. Plaintiff has adduced no evidence indicating that Officers Monaghan or Hall "misrepresented or concealed" material information to the prosecutors or otherwise interfered with the prosecutors' informed discretion. For this reason alone, Plaintiff's malicious prosecution claim against both Defendants fails.

Second, as discussed in above, Defendants had probable cause under § 1983 and Pennsylvania law to assist in Plaintiff's arrest. The existence of probable cause supporting Plaintiff's arrest is fatal to Plaintiff's malicious prosecution claim.

Third, there is no evidence that any Defendant acted maliciously or for a purpose other than bringing plaintiff to justice. Proof of malice requires more than an absence of probable cause; actual malice "is defined as either ill will in the sense of spite, lack of belief by the actor himself in the propriety of the prosecution, or its use for an extraneous improper purpose." *Henderson v. City of Philadelphia*, 853 F. Supp. 2d 514, 519 (Mar. 30, 2012) (internal quotations and citations omitted); *see also McKenna v. City of Philadelphia*, 2008 WL 4450223, at *12 (E.D. Pa. Sept. 30, 2008, Ditter, J.) ("A plaintiff must show that the criminal proceedings were initiated for some purpose other than bringing an offender to justice.")(internal citations omitted). Examples of

improper purposes "may include the desire for private advantage, ill will or hostility, or where the accuser does not believe in the guilt of the accused." *McKenna,* 2008 WL 4450223, at *12 (citing RESTATEMENT (SECOND) OF TORTS, § 668 (2008).

Significantly, the only crimes Plaintiff was charged with were related to the intent to distribute and/or possession of marijuana and drug paraphernalia based on the drugs and paraphernalia recovered from Plaintiff's trunk and pocket. *See* SUMF, at ¶¶ 39 – 41, 46 – 57. Plaintiff is unable to produce any evidence within the record that would suggest that Officer Monaghan and Officer Hall acted with malice. There is no evidence in the record that the Defendants were motivated by any private purpose, hatred, or ill will; that they acted recklessly or oppressively; or that they caused Plaintiff to be arrested and prosecuted for any improper purpose. Indeed, Plaintiff agrees he had never met Officer Monaghan before that day. *See id.*, at ¶ 9. Without such evidence, no reasonable jury could infer malice. Consequently, Plaintiff's malicious prosecution claims fail for this additional reason. Accordingly, the Court should grant judgment in favor of Defendants and against Plaintiff on his § 1983 malicious prosecution claim.

6.   Plaintiff's verbal abuse fails as a matter of law.

Defendants are entitled to summary judgment as to Plaintiff's verbal abuse claim, because such a claim is not cognizable under § 1983. Verbal abuse, "even of the lewd variety" is not actionable under § 1983. *See Aleem-X v. Westcott*, 347 F. App'x 731, 731 (3d Cir. 2009) (quoting *Patton v. Przybylski,* 822 F.2d 697, 700 (7th Cir. 1987) ("Defamation is not a deprivation of liberty within the meaning of the due process clause."); *see also Hailey v. Beard*, 2019 WL 5592578, at *12 (E.D. Pa. Oct. 29, 2019) ("Allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under [section] 1983.") (internal citations omitted). Even if verbal abuse was a cognizable claim in connection with Officer Monaghan's alleged assault, Plaintiff has

failed to adduce evidence of any verbal abuse. The only statements Plaintiff claims Officer Monaghan said were "I ain't your fucking brother," and "fuck who [you] know." *See* SUMF, at ¶¶ 30 – 31. Such statements hardly amount to verbal abuse, much less threats. Furthermore, Plaintiff has adduced zero evidence that Officer Hall said anything to him at all. *See id.*, at ¶ 32. Therefore, Defendants are entitled to summary judgment as to Plaintiff's verbal abuse claim.

### 7.  Qualified Immunity

Even if Plaintiff adduced enough evidence to create a triable fact issue as to his alleged federal claims – a notion Defendants strongly contest – Defendants have insulated themselves from liability by the doctrine of qualified immunity. Qualified immunity shields officers from liability unless it is "beyond debate" that the federal right they allegedly violated was "clearly established at the time of the challenged conduct." *See George v. Rehiel*, 738 F.3d 562, 572 (3d Cir. 2013) (internal quotations omitted). A right only qualifies as clearly established if its "contours . . . are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *See Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2078 (2011) (citations and quotations omitted).

Qualified immunity "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Anderson v. Creighton*, 483 U.S. 635, 638 (1987) (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)). The doctrine of qualified immunity is intended to give ample room for reasonable but mistaken judgments by police officers. *See Orsatti v. New Jersey State Police*, 71 F.3d 480, 484 (3d Cir. 1995). The law allows for reasonable error to exist "because officials should not err always on the side of caution because they fear being sued." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (internal quotations omitted). In the probable cause context, this means "if officers

of reasonable competence could disagree" on whether probable cause exists for an arrest, then qualified immunity bars the arrestee from suing his arresting officer. *See Briggs*, 475 U.S. at 341.

A reasonable officer in either Officer Monaghan or Officer Hall's position would not believe that their conduct was a clear violation of Plaintiff's rights. Here, Defendants observed what they perceived to be several traffic violations. *See* SUMF, at ¶ 11. As they approached Plaintiff's car, they smelled a strong odor of unburnt marijuana. *See id.*, at ¶ 13. Moreover, after being asked for his documentation, Plaintiff chose to question Officer Monaghan's cars top. *See id.*, at ¶¶ 15 – 16. Based on the totality of these circumstances, the automobile exception under Pennsylvania and federal law permitted Defendants search Plaintiff's car for marijuana. *See e.g. Com. v. Stoner*, 344 A.2d 633 (Pa. 1975) (sufficient probable cause existed and warrantless search of trunk of the car was not illegal where officer noted a very strong odor of marijuana coming from inside the car, among other things, believing that the automobile he had stopped contained contraband). Once Defendants recovered marijuana and the paraphernalia, Defendants reasonably concluded it belonged to Plaintiff and arrested him since he was the sole occupant and driver of his car. *See* SUMF, at ¶ 10, 36 – 42. Therefore, Officer Monaghan and Officer Hall, to the extent he was personally involved, are entitled to qualified immunity.

### B.  Plaintiff's State Law Claims

The Tort Claims Act bars Plaintiff's state law claims. Plaintiff's claim of negligent infliction of emotional distress ("NIED") against Defendants fails as a matter of law because no immunity exception applies to this case. Similarly, Plaintiff's intentional tort claims for false arrest, false imprisonment, malicious prosecution, abuse of process, intentional infliction of emotional distress, and conspiracy against Defendants fail because Plaintiff cannot show Defendants engaged in willful misconduct.

1.   <u>Negligent infliction of emotional distress</u>

Plaintiff's state law negligent infliction of emotional distress ("NIED") claim fails because Defendants are immune from liability under the Tort Claims Act.

The Pennsylvania Political Subdivision Tort Claims Act ("the Tort Claims Act") generally bars individuals from suing municipalities and their employees. *See* 42 Pa.C.S. § 8541 *et. seq*. A plaintiff may, however, bring a negligence claim against a Pennsylvania municipality and its employees if it falls into one of the nine exceptions set forth in § 8542 of the Tort Claims Act, none of which apply here. *See* 42 Pa.C.S. § 8542(b) (setting forth nine specific categories of negligence for which municipalities and their employees are not immune). These exceptions "are to be strictly construed." *Lockwood v. City of Pittsburgh*, 751 A.2d 1136, 1139 (Pa. 2000).

The exceptions provided in § 8542(b) do not remotely apply to Plaintiff's allegations. *See generally* Third Am. Cmplt.; *see also* § 42 Pa.C.S 8542(b) (permitting nine types of negligence suits, which include: (1) vehicle liability; (2) care, custody, control of personal property in the possession or control of the local agency; (3) real property; (4) trees, traffic controls and street lighting; (5) utilities service facilities; (6) a dangerous condition of streets; (7) sidewalks; (8) care, custody, and control of animals; and (9) negligence related to sexual abuse). Therefore, Defendants are immune from liability to Plaintiff's claim of NIED and are entitled to summary judgment.

2.   <u>Intentional Tort Claims</u>

As a general proposition, the Tort Claims Act also bars Plaintiff's state law intentional tort claims unless Plaintiff produces sufficient evidence for a jury to determine that Defendants' conduct constituted a "crime, actual fraud, actual malice or *willful misconduct*." 42 Pa.C.S.§ 8550 (emphasis added); *see also Renk v. City of Pittsburgh*, 641 A.2d 289, 293-94 (Pa. 1984) (explaining the requisite state of mind of the arresting officer in determining whether or not his conduct

constituted willful misconduct under 42 Pa.C.S. § 8550). Courts have defined "willful misconduct" as conduct whereby the actor desired to bring about the result that followed, or at least was aware that it was substantially certain to follow, so that such desire can be implied. *See Bright v. Westmoreland County*, 443 F.3d 276, 287 (3d Cir. 2006) (quoting *Robbins v. Cumberland County Children and Youth Services*, 802 A.2d 1239, 1252-53 (Pa. Commw. 2002)).

Proof of willful misconduct requires proof that the defendant acted knowing that what he was doing was unlawful; i.e. "willful misconduct means that the actor desired to bring about the result that followed, or at least that he was aware that it was substantially certain to ensue," so that such desire can be implied. *Evans v. Philadelphia Transportation Co.*, 212 A.2d 440, 443 (Pa. 1965). "'[W]illful misconduct' "necessarily entail[s] actual prior knowledge of the [plaintiff's] peril," and "must be carried out with the intention of achieving exactly that wrongful purpose." *Jones v. City of Philadelphia*, 893 A.2d 837, 843 (Pa. Commw. 2006), app. denied, 589 Pa. 733, 909 A.2d 306 (2006). Therefore, a Plaintiff suing a police officer over police conduct must establish willful misconduct "*in addition* to the elements of an intentional tort." *Cox v. Hackett*, 2006 U.S. Dist. LEXIS 51473, *4 (E.D. Pa. 2006) (citing *Renk*, 641 A.2d at 293) (emphasis in origin). Plaintiff must show the officer "deliberately" violated a person's rights "knowing" that he was doing so. *Renk*, 641 A.2d at 293-94. Thus one must show, "not only that the police officer intended to commit the acts that he is accused of carrying out, but also that the officer understood that the actions he intended to take were unlawful and chose to take the actions anyway." *Brockington v. City of Phila.*, 354 F. Supp.2d 563, 571 (E.D. Pa. 2005).

A finding that the officers are entitled to qualified immunity on the federal claims forecloses any possibility of applying the willful misconduct exception to Tort Claims Act. Since a reasonable officer in Defendants' positions would not have been on notice that their conduct

violated any rights or was in any way improper, Plaintiff cannot establish willful misconduct as a matter of law. As such, plaintiff's state law claims against Defendants are barred by the Tort Claims Act and should be dismissed for this reason.

          (a) Plaintiff cannot establish willful misconduct to prove his state law claims of false arrest, false imprisonment, and malicious prosecution fail because his arrest and prosecution were supported by probable cause.

Defendants respectfully request the Court grant their motion on the state law false arrest, false imprisonment, and malicious prosecution claim because the elements and material facts of the state law claims are inextricably intertwined with the elements and material facts of the federal malicious claims, and it would be unfair for Defendants to have to relitigate the state law claims in state court. *See Bright v. Westmoreland*, 443 F.3d 276, 286 (3d Cir. 2006) (the trial court has discretion to exercise supplemental jurisdiction over pendent state claims out of respect for judicial economy, convenience and fairness to the parties).

In Pennsylvania, the intentional torts of false arrest and false imprisonment are essentially the same claim, and accordingly, are addressed together. *See Olender v. Twp. Of Bensalem*, 32 F. Supp. 2d 775, 791 (E.D. Pa. 1999) (citing *Gagliardi v. Lynn*, 285 A.2d 109, 110 (Pa. 1971) (in the law enforcement context, the terms false arrest and false imprisonment are merely different labels that describe the same conduct)). A false arrest is defined as an arrest made without probable cause. *McGriff v. Vidovich*, 699 A.2d 797, 799 n. 3 (Pa. Commw. 1997). False imprisonment is the unlawful detention of another person. *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994). Moreover, "[a]n arrest based on probable cause would be justified, regardless of whether or not the individual arrested was guilty or not." *Id*.

A malicious prosecution claim under Pennsylvania law requires a plaintiff to show the same elements as a federal false arrest claim, excluding the fifth element for deprivation of liberty.

*Thomas v. City of Philadelphia*, 280 F. Supp. 3d 371, 379 (E.D. Pa. 2018) (citing *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 791-92 (3d Cir. 2000)). A plaintiff must therefore establish (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the defendant initiated the proceeding without probable cause; and (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice. *Id.* Significantly, in assessing probable cause, "[t]he Pennsylvania and federal standards regarding the existence of probable cause are the same." *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 280 (E.D. Pa. 2001).

Furthermore, while malice in some circumstances, it may be inferred from the lack of probable cause, *see, e.g., Kelley v. General Teamsters, Local Union 249*, 544 A.2d 940, 941 (Pa. 1988), in a claim for malicious prosecution, a plaintiff must prove that the officer acted "with actual malice, personally believing that probable cause was lacking." *Cook v. Vernachio*, 2008 WL 9396736, at *4 (Pa. Commw. Ct. May 14, 2008); *see also Renk, supra*; *Bruch v. Clark*, 507 A.2d 854, 856 (Pa. Super. 1986) (stating "[t]he arresting person may be in error, but if his [or her] error is an honest one, not motivated by personal malice, bias or revenge, the law will hold him [or her] harmless, regardless of the eventual result of the criminal prosecution."); *Boardman v. City of Philadelphia,* 661 Fed. Appx. 183, at *187-*188 (3d Cir. Aug. 11, 2016) (citing *In re City of Philadelphia Litigation*, 158 F.3d 723, 728 (3d Cir. 1998) (explaining that the Pennsylvania Supreme Court's decision in *Renk* "require[es] a subjective standard of willfulness that calls for a showing of an intention to do what is known to be wrong")).

As discussed in previously, Plaintiff has failed to establish in the record sufficient material facts for a reasonable jury to conclude that either Officer Monaghan or Officer Hall initiated the criminal proceeding against him without probable cause, and with malice or for a purpose other than bringing plaintiff to justice. In addition, the record is devoid of any evidence for a reasonable

jury to conclude that Defendants' actions constituted actual malice or willful misconduct, thereby abrogating his immunity under Pennsylvania's Tort Claims Act. There is no evidence that Defendants knew that what he was doing was wrong, or that he was motivated by personal malice, bias or revenge against Plaintiff. Therefore, as with the federal malicious prosecution claim, Defendants incorporate their arguments from above and contend that Plaintiff has failed to meet the above elements of his claim because the uncontroverted evidence shows that probable cause existed to arrest and charge Plaintiff. Accordingly, Plaintiff's state law tort claims for false arrest, false imprisonment, and malicious prosecution should also be dismissed.

> (b) Plaintiff's abuse of process claims similarly fail for lack of evidence that either Officer Monaghan or Officer Hall used the legal proceedings maliciously against Plaintiff once they were initiated by the prosecution.

Plaintiff's abuse of process claims because he cannot show Defendants used the legal proceedings maliciously against him once the Philadelphia District Attorney's Office charged him.

Claims for malicious prosecution and abuse of prosecution, though similar, are distinct in that malicious prosecution concerns the actual initiation of proceedings, while abuse of process is the improper use of process once it has been issues. *See McGee v. Feege*, 535 A.2d 1020, 1023 (Pa. 1987); *Shelton v. Evans*, 437 A.2d 18, 20 (Pa. Super. 1981). To establish a claim for abuse of process, Plaintiff must show "that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." *Rosen v. American Bank of Rolla*, 627 A.2d 190, 192 (Pa Super. 1993) (quoting Restatement (Second) of Torts § 682)).

The type of misconduct at issue in an abuse of process claim is "not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process." *Id.* at 192 (citing Restatement (Second) of Torts, § 682 ("Section 682"),

comment a). "[T]he claim is in reality for an abuse of legal process, which occurs when process after being issued is used for some unlawful purpose." *Garland v. Wilson*, 137 A. 266, 267 (Pa. 1927). The word "process" as used in the tort "has been interpreted broadly, and encompasses the entire range of procedures incident to the litigation process." *Rosen*, 627 A.2d at 192 (internal citation omitted).

Here, Plaintiff has adduced zero evidence that either Officer Monaghan or Officer Hall oversaw any of the criminal proceedings, much less took malicious action during the criminal proceedings against Plaintiff. Because Plaintiff merely alleges Defendants wrongfully arrested Plaintiff, and not that Defendants abused the legal process after charges were filed against Plaintiff, no abuse of process occurred. Therefore, Defendants are entitled to summary judgment as to this claim.

> (c) Plaintiff's claim against Defendants for intentional infliction of emotional distress fails because he has adduced no evidence of extreme and outrageous conduct or competent medical evidence of extreme emotional distress.

Plaintiff has also failed to produce any evidence with respect to his claim for intentional infliction of emotional distress ("IIED").

In order to recover on an IIED claim, a plaintiff "must show conduct so extreme and outrageous that it intentionally or recklessly caused him severe emotional distress." *Bock v. CVS Pharmacy, Inc.*, No. 07-412, 2008 WL 3834266, at *2 (E.D. Pa. Aug. 14, 2008) (citing *Taylor v. Albert Einstein Med. Ctr.*, 754 A.2d 650, 652 (Pa. 2000) (citing Restatement (Second) of Torts § 46)). "In Pennsylvania, '[l]iability on an intentional infliction of emotional distress claim has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable

in a civilized community.'" *Kasper v. Cnty. Of Bucks*, 514 F. App'x 210, 217 (3d Cir. 2013) (internal citations omitted).

To go forward on an IIED claim, a plaintiff must produce "competent medical evidence" supporting such claim, because "it is unwise and unnecessary to permit recovery to be predicated on an inference based on the defendant's 'outrageousness' without expert medical confirmation that the plaintiff actually suffered the claimed distress." *See Bock*, 2008 WL 3834266, at *2 (quoting *Kazatsky v. King David Mem'l Park, Inc.*, 527 A.2d 988, 995 (Pa. 1987)). IIED claims are appropriate for resolution via summary judgment because it is the court's decision to make the determination as to "whether the defendant's conduct may reasonably be regarded as so extreme and outrageous [as] to permit recovery." *See Bock*, 2008 WL 3834266, at *2 (quoting *Johnson v. Caparelli*, 625 A.2d 668, 671 (Pa. Super. Ct. 1993)).

Here, Plaintiff has not produced evidence of any conduct that rises to the level of IIED. Moreover, Plaintiff has produced no medical competent medical evidence to prove emotional distress. Without such evidence, Plaintiff cannot prove an injury, an essential element of the tort of intentional infliction of emotional distress. In failing to do so, Plaintiff has failed to create an issue of material fact on his IIED claim. This conclusion is further supported by Plaintiff's arrest photo and medical checklist, which indicated that he had no apparent pain or injuries. *See* SUMF at ¶¶ 44 – 45. While the Court should take all *reasonable* inferences in Plaintiff's favor, self-serving deposition testimony, standing alone, is only sufficient to withstand a motion for summary judgment if, when compared to other evidence of record, a rational factfinder could "credit the plaintiff's testimony, despite its self-serving nature." *McBride v. Amer. Substance Abuse Prof., Inc.*, 917 F. Supp. 2d 419, 426-27 (E.D. Pa. 2013) (quoting *Johnson v. MetLife Bank*, 883

F.Supp.2d 542, 549 (E.D. Pa. 2012) and citing *Gonzalez v. Sec'y of the Dep't of Homeland Sec.,* 678 F.3d 254, 263 (3d Cir.2012)).

Therefore, Defendants are entitled to summary judgment as to Plaintiff's IIED claim.

(d) Plaintiff's civil conspiracy fails because there is no evidence Defendants acted in concert for an unlawful purpose.

Plaintiff's civil conspiracy claim fails because he has not adduced any evidence that Officer Hall acted in concert with Officer Monaghan for any unlawful purpose.

To state a claim for civil conspiracy under Pennsylvania law, the plaintiff must prove: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage. *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 660 (Pa. Super. 2000). "Additionally, 'absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act.'" *Id. citing Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. 1987). Furthermore, proof of malicious intent is an essential element of a claim for conspiracy. *Thompson Coal Company v. Pike Coal Company*, 412 A.2d 466, 473 (Pa. 1969).

While Plaintiff alleges Officer Monaghan assaulted him without justification, Plaintiff has failed to adduce any evidence that Officer Hall acted with any ill intent. On the contrary, Plaintiff's allegations imply more than Officer Hall failed to act – not that he committed any *overt* acts in furtherance of a conspiracy. *See* SUMF at ¶ 35. Plaintiff's failure to produce any evidence that Officer Hall acted in furtherance of any unlawful scheme is fatal to his conspiracy claim. Because a person cannot join a conspiracy alone, Defendants are entitled to summary judgment on this claim.

To the extent Plaintiff is alleging Defendants participated in a civil conspiracy to deprive him of his civil rights in violation of § 1983, his claim similarly fails. To prove a civil conspiracy under § 1983, the plaintiff must demonstrate (1) an agreement of two or more conspirators (2) to deprive the plaintiffs of a constitutional right, (3) under color of state law. *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685,700 (3d Cir. 1993) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)), abrogated on other grounds by *UA Theater Circuit, Inc. v. Twp. of Warrington*, 316 F. 3d 392, 400 (3d Cir. 2003).

A cause of action for civil conspiracy requires a distinct underlying tort as a predicate to liability. *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 193 F.3d 781, 789 (3d Cir. 1999); *Pardue v. Gray*, 136 Fed. Appx. 529, 533 (3d Cir. 2005); *see also Gregory v. Chehi*, 843 F.2d 111, 118 (3d Cir. 1988) ("In contrast, a civil conspiracy is not actionable unless it causes legal harm."); *Lewis Invisible Stitch Mach. Co. v. Columbia Blindstitch Mach. Mfg. Corp.*, 80 F.2d 862, 864 (2d Cir. 1936) (Hand, J.) ("Whatever may be the rule in criminal conspiracies, it is well settled that the civil liability does not depend upon the confederation . . ., but upon the acts committed in realization of the common purpose.") "The purpose of a civil conspiracy is not to impose liability for the commission of specific torts; rather, it is useful as a way of allocating liability to those persons who agreed to the common purpose but may not have actively participated in the commission of the underlying tort." *Glass v. City of Philadelphia*, 455 F. Supp. 2d 302, 360 (E.D. Pa. 2006).

As stated previously, Plaintiff has failed to adduce any evidence that Officer Hall *agreed* to aid in the commission of any constitutional violations. Plaintiff himself admits that Officer Hall neither hurt him nor helped him. *See* SUMF at ¶ 35. Plaintiff has failed to adduce evidence Officer Hall agreed to Officer Monaghan's alleged assault, or any of the alleged constitutional injuries. As

such, to the extent Plaintiff is alleging a federal civil conspiracy claim, Plaintiff's claim fails.

Accordingly, Defendants are entitled to summary judgment on Plaintiff's civil conspiracy claim.

## V. <u>CONCLUSION</u>

For the reasons set forth above, summary judgment should be entered in favor of Defendants, and against Plaintiff, on all counts. Defendants respectfully request that the Court dismiss Plaintiff's lawsuit with prejudice.

Respectfully submitted,

Date: <u>November 16, 2020</u>

*/s/ Katie Cooper Davis*
Katie Cooper Davis, Esquire
Assistant City Solicitor
Pa. Attorney ID No. 320665
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5445
katie.davis@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERIC MOORE,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 19-4400** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date below, the Defendants' Motion for Summary Judgment

was filed via the Court's electronic filing system and is available for downloading by all parties

of record.

Respectfully submitted,

Date:  <u>November 16, 2020</u>

*/s/ Katie Cooper Davis*
Katie Cooper Davis, Esquire
Assistant City Solicitor
Pa. Attorney ID No. 320665
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5445
katie.davis@phila.gov