IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC MOORE, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA *et al.*, | : | |
| *Defendants* | : | No. 19-4400 |
| | : | |

**MEMORANDUM**

PRATTER, J.                                            MARCH  11 , 2022

Each jury gets to decide who they believe in that particular case. Eric Moore seeks to fast-forward the credibility determination in his § 1983 case by introducing a prior state court ruling in which the state court did not believe the officers' story of Mr. Moore's arrest. That prior credibility finding is inadmissible hearsay that may not be used to impeach the officers in this case, though the officers can, of course, be confronted with their prior testimony before the state court.

### BACKGROUND

Eric Moore was stopped in his car by police shortly after midnight in September 2017. Mr. Moore says that he was not violating any traffic laws. The officers who pulled him over, Officers Monaghan and Hall, claimed that he had been speeding, cutting off cars, and crossing over double yellow lines. Upon approaching the car, the officers allegedly noticed the smell of marijuana. They then asked Mr. Moore for his driver's license. The officers say that Mr. Moore refused to provide it, while Mr. Moore claims he was never given a chance.

According to Mr. Moore, the officers then pulled him out of the car, spun him around, kicked and tripped him, and then body slammed him to the ground before putting him in the patrol car. The officers also searched his car, where they found marijuana and drug paraphernalia. Mr.

1

Moore was charged with possession of a controlled substance, possession with intent to deliver, and possession of drug paraphernalia.

Mr. Moore moved to suppress the evidence recovered from his car. The Court of Common Pleas granted his motion. In doing so, the state court found Mr. Moore's version of events to be "credible" and the officers' version "incredible" and full of "blatant" "inconsistencies." Doc. No. 39-7, Hr'g Tr. 7:14–8:4. The Commonwealth dismissed the charges against Mr. Moore. Mr. Moore then filed this § 1983 suit against the officers, accusing them of unconstitutionally stopping him, unconstitutionally searching his car, and unconstitutionally using excessive force against him.

## DISCUSSION

Mr. Moore hopes to introduce at trial the state court's opinion granting his motion to suppress. Specifically, he wants the jury to see that a prior court found Officers Monaghan and Hall unbelievable.

Mr. Moore is permitted to attack the officers' "character for truthfulness" at trial. Fed. R. Evid. 608. Specifically, he may "inquire[]" into "specific instances of [the officers'] conduct" on cross examination "in order to attack ... [their] character for truthfulness," though he may not introduce "extrinsic evidence" to prove that such instances actually happened. *Id.* 608(b). Such cross examination must be limited, however, if it would be inadmissible hearsay or unfairly prejudicial to the officers. Fed. R. Evid. 403, 802.

The actual opinion is extrinsic evidence and so cannot be admitted under Rule 608(b). *See United States v. Davis*, 183 F.3d 231, 257 n.12 (3d Cir. 1999); *United States v. Guerrier*, 521 F. Supp. 3d 527, 536 (M.D. Pa. 2021). Nor could Mr. Moore question the officers about the state court's factual or credibility findings contained within the opinion, for those findings are hearsay: out-of-*this*-court statements offered for their truth. *See Davis*, 183 F.3d at 257 n.12; *Guerrier*, 521 F. Supp. 3d at 535–36. Though Rule 803(8)(c) provides that "factual findings from a legally

2

authorized investigation" do not count as hearsay, this exception does not extend to judicial opinions, given that a judge, even in an evidentiary hearing, remains a judge, not an investigator. *Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993). This is not an Eastern European civil law jurisdiction, where the judge guides the prosecution and leads with record evidence necessary to one side or the other.

Even if the state court's findings were not hearsay, the Court still would not permit Mr. Moore to question the officers about those earlier judicial findings. This case boils down to credibility: it is Mr. Moore's word against the officers about what happened that night. The jury, not the state court, must see and hear the witnesses and then decide who to believe in *this* case. Admitting the state court's factual conclusions would seriously hamper the jury's ability to do so. A court's word may often be treated as gospel. If the jury hears the state court's findings about the arrest and the officers' credibility, the jury likely will not feel free to contradict them. *See United States v. Lopez*, 944 F.2d 33, 38 (1st Cir. 1991); *Nipper*, 7 F.3d at 418; *Greycas, Inc. v. Proud*, 826 F.2d 1560, 1567 (7th Cir. 1987); *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1287 (11th Cir. 2001).

Of course, this ruling does not shut the door to all mentions of the motion to suppress. Mr. Moore may testify that he was charged as a result of the stop, that the state court held a suppression hearing, that the court ultimately suppressed the evidence, and that the charges were dropped. That is important background information that does not take away from the jury's obligation to decide for itself whether the officers had probable cause to stop Mr. Moore. Officers Hall and Monaghan may also be impeached if their testimony on the stand in this case conflicts with their prior testimony in the state court. Fed. R. Evid. 613; *see also* Fed. R. Evid. 801(d)(1)(A).

## CONCLUSION

The Court grants the officers' motion *in limine*. Mr. Moore may not introduce the state court's opinion or mention the factual or credibility findings contained therein. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE